UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD A. KHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SPECIALIZED LOAN SERVICING LLC, et al.,<br><br>        Defendants. | Case No. 20-CV-03608-LHK<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. Nos. 6, 12, 22 |

This is a *pro se* action brought by Plaintiff Richard A. Khan ("Plaintiff" or "Khan") against Defendants Prestige Default Service ("Prestige") and Specialized Loan Servicing LLC ("SLS") (collectively, "Defendants"). On July 24, 2020, United States Magistrate Judge Nathanael M. Cousins filed a Report and Recommendation that recommended denying Plaintiff's motion to remand and granting Defendants' motion to dismiss. ECF No. 22. Plaintiff timely filed an objection to Judge Cousins's recommendation to grant the motion to dismiss but did not object to Judge Cousins's recommendation to deny the motion to remand. ECF No. 24. Defendants filed a response to Plaintiff's objections. ECF No. 25. Having considered the parties' briefing, the relevant law, the record in this case, and Judge Cousins's Report and Recommendation, the Court DENIES Plaintiff's motion to remand and GRANTS Defendants' motion to dismiss.

1
Case No. 20-CV-03608-LHK
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH PREJUDICE

## I. BACKGROUND

### A. Factual Background

Khan is a resident of Santa Clara County, California and owns a house in Morgan Hill, California. ECF No. 1, Ex. 1 ("Compl.") ¶¶ 1, 8. According to Khan, around November 1, 2005, an unknown individual fraudulently forged and executed a second deed of trust on Khan's house for over $200,000 under Khan's name. *Id.* ¶ 10(a). Khan acknowledges that he discovered this fraudulent deed between 2007 and 2008. *Id.* ¶ 11(a). Khan contacted the lender listed on that deed, Countrywide Home Loan, and claimed that he did not execute the loan. *Id.* ¶ 11(b). Countrywide allegedly refused to discuss the loan with Khan because Khan supposedly did not execute the loan documents. *Id.* ¶ 11(c). Khan acknowledges that besides these actions, Khan "made little efforts to resolve the issue of the forged" loan because Khan "was consumed in Probate litigation and family affairs." *Id.* ¶ 11(f).

In 2014, SLS began sending Khan loan statements related to the allegedly fraudulent deed of trust. *Id.* ¶ 11(g). In May 2018, Prestige was substituted as the trustee on the deed. ECF No. 19, Ex. 3. Shortly after, on June 1, 2018, Prestige recorded a notice of default on Khan's house. Compl. ¶¶ 10(b), 11(g)–(h). A trustee's sale was scheduled to take place on September 23, 2018. *Id.* ¶ 12.

### B. Procedural History

Khan filed this lawsuit in Santa Clara County Superior Court on March 25, 2020, alleging claims for (1) fraud, (2) fraudulent concealment, (3) declaratory relief, (4) quiet title, (5) slander of title, (6) cancellation of instruments, and (7) unfair business practices. *See id.* ¶¶ 16–62. On May 8, 2020, Prestige filed its declaration of non-monetary status, asserting that it is a nominal party lacking financial interest or any claim to the outcome of this action. ECF No. 19, Ex. 1 at 2.[1]

---

[1] Defendants request judicial notice of two exhibits: (1) a docket summary of Santa Clara County Superior Court Case No. 20CV365924, and (2) a "substitution of trustee" document filed with the Santa Clara County Recorder. ECF No. 19. Khan does not object to Defendants' request for judicial notice. Because both exhibits are matters of public record, the Court GRANTS Defendants' request for judicial notice. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that courts may take judicial notice of "undisputed matters of public record").

2
Case No. 20-CV-03608-LHK
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH PREJUDICE

Khan did not object to Prestige's declaration. *Id.* On May 29, 2020, SLS removed the case to this Court. *Id.*

On June 5, 2020, Defendants filed a motion to dismiss Khan's complaint. ECF No. 6 ("MTD"). Khan opposed the motion to dismiss on June 19, 2020, ECF No. 15 ("MTD Opp."), and Defendants filed a reply on June 26, 2020, ECF No. 17 ("MTD Reply").

Additionally, Khan filed a motion to remand on June 12, 2020. ECF No. 12 ("MTR"). On June 26, 2020, Defendants opposed Khan's motion to remand, ECF No. 18 ("MTR Opp."), and on July 6, 2020, Khan filed a reply, ECF No. 20 ("MTR Reply").

On July 24, 2020, Judge Cousins filed a thorough and well-reasoned Report and Recommendation that recommended denying Plaintiff's motion to remand and granting Defendants' motion to dismiss. ECF No. 22 ("R&R"). As to the motion to remand, Khan sought remand on the ground that both he and Prestige were citizens of California such that complete diversity was absent. *Id.* at 4. However, because Prestige was a nominal party, complete diversity was present.

Specifically, Judge Cousins found that under California law, "a trustee can declare 'non-monetary status' if the trustee 'maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee.'" *Id.* (quoting Cal. Code Civ. P. § 2924l(a)). "If there is no objection to the trustee's declaration within fifteen days of the . . . filing, the trustee gains non-monetary status." *Id.* (citing Cal. Code Civ. P. § 2924l(d)). In the instant case, Prestige filed a declaration of non-monetary status on May 8, 2020, ECF No. 19, Ex. 3 at 2, and Khan conceded that he failed to object to Prestige's declaration. MTR at 8. Accordingly, Judge Cousins held that Prestige was a nominal party and its citizenship could be disregarded for the purposes of diversity jurisdiction. Finally, Judge Cousins rejected Khan's argument that the Court should overlook Khan's failure to object because Khan was *pro* se at the time.

Judge Cousins then assessed Defendants' motion to dismiss. Judge Cousins determined that Khan's claims for fraud and fraudulent inducement were subject to a three-year statute of

3
Case No. 20-CV-03608-LHK
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH PREJUDICE

limitations. R&R at 5 (citing Cal. Code Civ. P. § 338(d)). Khan's remaining claims were subject to California's catch-all limitations period of four years. *Id*. (citing *Salazar v. Thomas*, 236 Cal. App. 4th 467, 477 n.8 (2015), and Cal. Code Civ. P. § 343). Importantly, Judge Cousins noted that under California law, the "statute of limitations applies even when the underlying deed was void." *Id*. (citing *Walters v. Boosinger*, 2 Cal. App. 5th 421, 322 (2016)).

Based on Khan's own complaint and allegations, Judge Cousins concluded that all of Khan's causes of action were time-barred because Khan alleged that he first discovered the fraud between 2007 and 2008. *Id*. (citing Compl. ¶ 11(a)). "Therefore, all relevant statutes of limitations ran by 2012" such that "Khan's lawsuit is time-barred." *Id*.

Judge Cousins also explicitly considered and rejected Khan's argument that "the discovery rule tolled the relevant statutes of limitations until June 2018, when Prestige recorded a notice of default against his house." *Id*. at 5–6. Khan argued that "he had no way of knowing that the deed of trust was nothing more than a clerical error, particularly considering his previous communication with Countrywide." *Id*. at 6 (citing MTD Opp. at 8). Judge Cousins rejected this argument because "even assuming that is was reasonable for Khan to believe that the deed in question was nothing more than a clerical error, Defendants notified Khan that an outstanding loan existed on his house in 2014." *Id*. (citing Compl. ¶ 11(g)). Therefore, by 2014, Khan knew or had reason to discover the fact that Defendants did not consider the deed a mere clerical error and "all relevant limitations periods began running in 2014 and would have ended by 2018 at the latest." *Id*. Khan did not file this lawsuit until March 25, 2020.

Judge Cousins thus recommended granting Defendants' motion to dismiss with prejudice. Because Prestige had not consented to magistrate judge jurisdiction, Judge Cousins requested that the instant case be transferred to a district court judge. *Id*. at 6. The case was then transferred to the undersigned judge.

On August 7, 2020, Khan timely filed objections to Judge Cousins's Report and Recommendation. ECF No. 24. Specifically, Khan did not object to Judge Cousins's recommendation to deny the motion to remand. *Id*. Khan, however, objected to Judge Cousins's

4

recommendation to grant the motion to dismiss on two grounds. First, Khan asserts that he did not have notice of the forged loan until 2018 such that his claims were not time-barred. *Id*. at 3–4. Second, Khan contends that his complaint is not subject to any statutes of limitations because the deed of trust is void. *Id*. at 4–7. Finally, Khan also requests leave to amend to add additional defendants and introduce additional allegations that "Plaintiff did not sign the Loan Documents." *Id*. at 7.

On August 14, 2020, Defendants filed a response to Khan's objections to Judge Cousins's Report and Recommendation. ECF No. 25.

## II. LEGAL STANDARD

### A. Reviewing a Report and Recommendation

A magistrate judge may prepare findings and recommendations on dispositive matters without the consent of the parties pursuant to 28 U.S.C. § 636(b)(1). *See Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992). Once findings and recommendations are served, the parties have fourteen days to file specific written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). A judge must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)). A judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Motion to Remand

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must

remand the action to state court.  28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Moreover, the party seeking to establish federal jurisdiction must meet this burden "by a preponderance of the evidence."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis omitted)).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

**C. Motion to Dismiss**

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015); *see also Boon Rawd Trading Inter'l v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 947 (N.D. Cal. 2010).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

6

motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### D. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). At the same time, a court is justified in denying leave to amend when a plaintiff "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed." *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

### III. DISCUSSION

Khan solely objects to Judge Cousins's Report and Recommendation as it relates to granting Defendants' motion to dismiss. ECF No. 24. Put differently, Khan did not timely object to Judge Cousins's Report and Recommendation as to the recommendation that the Court deny Khan's motion to remand. Having reviewed the Report and Recommendation as well as the parties' briefing, the relevant law, and the record in this case, the Court concludes that the Report and Recommendation is well-founded in fact and law as to Khan's motion to remand. Therefore, the Court ADOPTS Judge Cousins's Report and Recommendation as to Khan's motion to remand and DENIES Khan's motion to remand.

The Court now addresses Khan's objections to Judge Cousins's Report and

Recommendation as it relates to Defendants' motion to dismiss. ECF No. 24 3–7. Khan raises two objections to Judge Cousins's recommendation to grant Defendants' motion to dismiss based on the statute of limitations. First, Khan argues that he did not have notice of the forged loan until 2018 such that his claims were not time-barred. *Id*. at 3–4. Second, Khan contends that his complaint is not subject to any statutes of limitations because the deed of trust is void. *Id*. at 4–7. Finally, if these arguments fail, Khan also requests leave to amend to add additional defendants and introduce additional allegations that "Plaintiff did not sign the Loan Documents." *Id*. at 7. None of Khan's arguments are persuasive.

First, as Judge Cousins explained, Khan's complaint itself alleges that Khan first discovered the fraud sometime between 2007 and 2008. Compl. ¶ 11(a). The statute of limitations would therefore have run by 2012 at the latest. Even if Khan reasonably believed that the deed was based on a mere clerical error, Defendants notified Khan that an outstanding loan existed on his house in 2014. *Id*. § 11(g). Therefore, by 2014, Khan knew or had reason to know that Defendants did not consider the deed a mere clerical error such that the relevant limitations periods began running in 2014. Thus, by 2018 at the latest, Khan was required to bring suit. Because Khan did not file the instant action until March 25, 2020, his causes of action are time-barred.

Second, the Court also rejects Khan's argument that his complaint and causes of action are not subject to any statutes of limitations because the deed of trust is void. ECF No. 24 at 4–7. Khan marshals state law cases from, among other jurisdictions, New York, Maryland, Montana, Oregon, Florida, West Virginia, and Idaho. Regardless of whether Khan's citations are accurate, out-of-state case law has limited bearing on whether California law prohibits applying a statute of limitations when a plaintiff argues that an instrument is void. As Judge Cousins explained in his thorough Report and Recommendation, California law is clear. California courts have concluded that "a claim premised on a contention that an instrument is void *ab initio is* subject to a statute of limitation." *Walters v. Boosinger*, 2 Cal. App. 5th 421, 433 (2015) (emphasis in original) (collecting cases); *see also Robertson v. Superior Court*, 90 Cal. App. 4th 1319, 1326 n.6 (2001)

8
Case No. 20-CV-03608-LHK
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH PREJUDICE

("[Case law] make[s] clear that . . . statutes of limitations apply whether the document under challenge is asserted to be 'void' or 'voidable.'").

Accordingly, the Court rejects Plaintiff's objections to Judge Cousins's recommendation to grant Defendants' motion to dismiss. After conducting *de novo* review of Judge Cousins's Report and Recommendation and after considering the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss.

Finally, the Court turns to Khan's request for leave to amend the complaint. ECF No. 24 at 7. Khan's requests leave to amend the complaint to add additional defendants and additional allegations "demonstrating Plaintiff did not sign the Loan Documents." *Id*. These amendments, however, would be futile because they do not address the central issue identified by Judge Cousins and this Court. Namely, even if Khan added new defendants and new allegations establishing that Khan did not sign the relevant loan documents, these allegations have no bearing on whether the statutes of limitations apply to bar Khan's causes of action. Put differently, "[t]he Court concludes that the proposed amendments to [Plaintiff's] . . . claim[s] are futile, as the claim[s] [are] time-barred even if based on the new allegations." *Casaretto v. Coldwell Banker Realty*, No. 10-CV-00509-LHK, 2011 WL 1576780, at *3 (N.D. Cal. Apr. 26, 2011).

As previously noted and as Khan acknowledges, the statute of limitations begins to run when "the plaintiff discovers, or has reason to discover, the cause of action." *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1192 (2013) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999)). Because Khan offers no allegations that could establish tolling or excuse the application of the relevant statutes of limitations, the Court concludes that amendment would be futile. *See Leadsinger*, 512 F.3d at 532; *Casaretto*, 2011 WL 1576780, at *3 ("The Court concludes that the proposed amendments to Plaintiffs' . . . claim[s] are futile, as the claim[s] [are] time-barred even if based on the new allegations."). Accordingly, the Court GRANTS Defendants' motion to dismiss with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Khan's motion to remand and GRANTS

Plaintiff's motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: September 3, 2020

_____
LUCY H. KOH
United States District Judge